# PETERSON v. ANDERSON.

No. 7291.   Decided May 31, 1949.   (206 P. 2d 714.)

See 31 C. J. S., Evidence, sec. 270; 24 Am. Jur. 790.

*E. LeRoy Shields*, Salt Lake City, for appellant.

*Dilworth Woolley*, Manti, *Therald N. Jensen*, Price, for respondent.

PER CURIAM.

This action was commenced by Mac Peterson, as executor of the estate of John S. Peterson, deceased, to recover from Verga Peterson Anderson certain sums of money alleged to have been loaned to her by deceased and never repaid. Respondent and appellant are brother and sister and the decedent was their father. Decedent left surviving him nine children, all of whom were present when an attempt was made to determine what assets were left by decedent. In ·checking the bank book and statements, it became apparent that over $5000 in cash was unaccounted for and

that certain stubs had been removed from the checkbook. Two of the children spent all of one afternoon trying to discover the discrepancies, and appellant, even though she was aware of their efforts, did not tell them that she had removed the stubs until a serious family argument ensued. There was also testimony to the effect that appellant admitted borrowing a further item of $500 from decedent which she used to remodel a room in the hotel. Decedent had lived with appellant in the hotel, and she had taken care of him in his last years. Appellant denied that the items referred to above were loans and insisted they were gifts. The court as trier of the facts found in favor of the plaintiff and entered judgment accordingly.

Appellant contends that the findings of the court were not supported by competent evidence and that the preponderance of the evidence was against such findings.

Respondent's evidence as to the nature of the transactions between appellant and decedent was based on the admission of appellant in the presence of a number of her brothers and sisters that the amounts she obtained were loans. It needs no citation of authorities that an admission against interest is competent evidence as to the facts contained therein. We have carefully reviewed the record and the transcript of the evidence and, although appellant denied that the money was loaned to her but insisted it was given to her as gifts, we find that there was sufficient evidence upon which the court could base its findings that the money was loaned to appellant and were not gifts. The trial court being in a better position to observe the demeanor of the witnesses and to judge wherein lies the truth, this court will not disturb the findings of fact made by the court where the evidence is conflicting if there is sufficient evidence to sustain such findings.

Affirmed. Costs to respondent.